26-1285

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re MARTIN AKERMAN, Petitioner
Case number to be assigned
Related appellate proceedings:
D.C. Circuit Nos. 23-1268, 23-5229, 23-5230,
23-5309, and 26-5131
Ninth Circuit Nos. 26-4931 and 26-6559
Federal Circuit No. 2026-2029
Supreme Court Nos. 26M28 and 26A235
Related D.D.C. case: 1:23-cv-02574-RDM

# EMERGENCY PETITION FOR WRIT OF MANDAMUS

October 9, 2026

## Immediate relief requested

Direct the MSPB Clerk to preserve the rejected submissions and their routing records, and transmit the certification request to the Administrative Judge for a written ruling. Refer the record to the Board if certification is granted. Temporary preservation is requested by October 14, before the announced seven-day deletion period expires.

## The record and the deadline

On June 8, the judge denied a stay because jurisdiction remained unresolved. Ex. A. Petitioner sought reconsideration and, alternatively, certification. The Clerk rejected that filing June 16 and the renewed referral request June 24. Ex. C. Petitioner again requested certification or a written denial. Ex. B at MSPB 3–4. On October 9, the Clerk rejected that June 24 motion and a July 21 stay submission, removed both from the case record, and announced deletion after seven days. Ex. C. These materials identify no judge's certification ruling.

**A judicial decision requires preservation and transmission**

Section 1201.93(b) directs the judge to grant or deny certification and, if granted, refer the record to the Board. Petitioner seeks transmission necessary to obtain that ruling, including resolution of timeliness and applicability. 5 C.F.R. § 1201.93(a)–(b). The Clerk's rejection of ordinary review leaves the distinct certification request unresolved. Exs. B–C. Preservation and transmission give effect to the procedure the regulation assigns to the judge.

The right asserted is to the prescribed decision-making process; the relief is preservation and a ruling. See *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Repeated referral requests have produced rejection letters and a new deletion deadline. Later review cannot reconstruct lost routing records or metadata from downloaded copies. A fourteen-day preservation order protects meaningful review while imposing only a temporary hold on deletion. See *FTC v. Dean Foods Co.*, 384 U.S. 597, 603–05 (1966).

**Jurisdiction**

The agency-directed request invokes 28 U.S.C. § 1651(a), Rule 21(c), and prospective review of the Air Force whistleblower IRA proceeding within 5 U.S.C. § 7703(b)(1)(B). Jurisdiction follows the statutory review channel. *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 75–76 (D.C. Cir. 1984). The alternative district-court request invokes this Court's supervisory mandamus authority under Rule 21(a). Each request rests on its own jurisdictional basis.

**Related proceedings and alternative relief**

Appeals 23-5229 and 23-5230 were dismissed; Doiron also denied mandamus. Certiorari was denied in 23-6709 and 23-6710. ECF 98/102 denied D.D.C. relief; appeal 26-5131 designates ECF 98. This Court denied an injunction August 4 and suspended briefing August 7. Related denials in Ninth Circuit 26-4931 and Federal Circuit 2026-2029 are disclosed. Exhibit D reports requested reinstatement in Ninth Circuit 26-6559 and requested Supreme Court abeyance; neither request is represented as granted.

Alternatively, Petitioner requests: (1) fourteen days' preservation of the submissions and routing records while jurisdiction is considered; (2) an order directing D.D.C. to decide ECF 105 and the preservation requests in ECF 116 and 122 within seven days, without dictating their merits; and (3) prompt reassignment if recusal is granted. If this Court lacks agency-review jurisdiction, Petitioner requests transfer under 28 U.S.C. § 1631 if its conditions are satisfied.

ECF 122 connects Count II's record-accuracy dispute to agency-file re-delivery. Ex. E at 7–8. Petitioner requests preservation and appropriate sealed or in-camera review. FISC referral is requested only within 50 U.S.C. § 1803 jurisdiction. See *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999).

Respectfully submitted,
/s/ Martin Akerman
Martin Akerman, pro se
P.O. Box 100057, Arlington, VA 22210
(202) 656-5601 | makerman.dod@gmail.com
October 9, 2026

**Fee and paper-copy requests**

Petitioner requests waiver or deferral of fees under 28 U.S.C. § 1915, relying on the prior financial declaration in D.D.C. ECF 113-2, with opportunity to supplement as required. He discloses the September TSP-to-IRA rollover reported in Federal Circuit ECF 43, with $0 cash paid out. He also requests waiver or deferral of paper copies under Circuit Rules 21(c) and 27(b) because of hardship and the deletion deadline.

**Parties, notice, and service**

The agency-directed respondents are MSPB, its Clerk in her official capacity, and Air Force. The related D.D.C. parties also include DoD OIG, Labor, EEOC, OSC, and Army. Petitioner is an individual. No amici or corporate interests are identified.

**Prior conferral and notice**

On October 9, Petitioner spoke with Meg Beardsley, Special Counsel to the Clerk, concerning this emergency filing. She stated that she would look out for it. The accompanying certificate records that notice.

Petitioner relies on ECF 122 at 5 for prior conferral: a September 1 voicemail to AUSA Robert J. Morris II at approximately 2:36 p.m. Eastern, followed by emailed preservation papers at 2:59 p.m. and a requested response by 5:00 p.m. Counsel had not responded when the motion was finalized. ECF 122 at 15 contains the earlier motion’s district-court service certificate. Ex. E.

Petitioner requests immediate consideration and leave under Rule 2 to supplement proof of service promptly. The prior conferral and district-court service concern ECF 122. Service of this new petition remains to be completed under Rules 21 and 25, including a copy to the district judge. Petitioner also intends to file a D.D.C. notice with the complete petition and exhibits.

**Certificate of compliance**

This petition contains 889 words, conservatively counting all preceding text and excluding exhibits, and complies with Rule 21(d). It uses 14-point Times New Roman consistent with Rules 32(a)(5)–(6).

Signature: /s/ Martin Akerman
Martin Akerman
October 9, 2026